FRANK CAMPBELL, APPELLEE, V. LINCOLN TRACTION COM-
PANY, APPELLANT.

FILED MAY 17, 1922. No. 21753.

**Appeal:** CONFLICTING EVIDENCE. Where the evidence conflicts respect-
ing the existence of material facts, and such evidence is fairly sub-
mitted to the jury under proper instructions, the verdict will not
be set aside unless manifestly wrong. *Trumble v. Leavitt, ante,*
p. 65.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Hainer, Craft & Lane* and *Hall, Baird & Williams,* for
appellant.

*Wilmer B. Comstock* and *E. G. Maggi, contra.*

Heard before LETTON, DAY and DEAN, JJ., SEARS and
WESTOVER, District Judges.

WESTOVER, District Judge.

The appellee brought this action to recover damages for
an alleged injury received by him through the negligence of
the appellant in permitting two of its cars to collide at or
near the intersection of Twenty-second and O streets in
the city of Lincoln.

The material allegations of the plaintiff's petition, omit-
ting formal matters, are that on the 21st day of July, 1919,
the plaintiff boarded one of the defendant's street cars,
which was passing eastward on O street, paid his fare and
took passage upon said car and became a passenger there-
on from the city of Lincoln to the city of Havelock; that
said car was crowded with passengers, the seats being all
occupied and persons standing in the aisle and rear vesti-
bule, and plaintiff was required to remain and stand in
the rear vestibule of said car, a place regularly provided
for passengers and habitually used and occupied by pas-
sengers at the invitation and with the consent of the de-
fendant; that while the plaintiff was standing quietly and

Campbell v. Lincoln Traction Co.

orderly in the rear vestibule of said car and in the exercise of due care, at the intersection of Twenty-second and O streets, about 3 o'clock in the afternoon of said day, "the defendant, negligently and carelessly, caused another of its street railway cars following the car upon which plaintiff was a passenger to be run into and against the rear end of the car upon which plaintiff was a passenger, and negligently and carelessly caused said cars to collide with great and terrific force and violence, and thereby caused plaintiff to be thrown about in said vestibule and against the sides, walls and floor thereof, and severely bruised and sprained the plaintiff about his head, neck, trunk and limbs, and caused concussion of plaintiff's brain and spinal column, and produced a terrific shock to plaintiff's entire system, permanently and seriously impaired and shattered plaintiff's nervous system, caused plaintiff to be confined to his house and bed for the period of about one week, seriously injured plaintiff's spine and spinal column, caused plaintiff to suffer excruciating pain and anguish, both of body and mind, rendered it necessary for plaintiff to incur indebtedness for medical and surgical attendance, medicine and nurse hire in the sum of about $200, caused partial paralysis of plaintiff's limbs, caused plaintiff to have constant and severe pains in his head and back, and rendered plaintiff a permanent and incurable invalid, unable to perform any manual labor or to pursue his usual avocation, or to earn a livelihood." It is further alleged that plaintiff was 25 years of age, and immediately prior to the injury complained of was a strong and able-bodied man in perfect health, a skilful mechanic employed as a machinist's helper and was actually earning the sum of $4.95 a day.

The answer denies each and every allegation of said petition, and alleges that, if the plaintiff received any injuries at all at the time and place alleged, such injuries were received solely as a result of the carelessness of the plaintiff, and were not caused by the negligence or carelessness of the defendant or any of its agents or employees.

The case was submitted to a jury upon the evidence adduced, and a verdict was returned in the sum of $7,350, upon which judgment was rendered. A motion for a new trial was duly filed, which was overruled, and from the verdict and judgment so rendered this appeal was taken.

The trial court, upon its own motion, among others, gave the following instructions:

"It is undisputed in the evidence that an accident and collision occurred, and, as admitted by counsel for the defendant in their statement and argument, the law imputes negligence to the defendant. It is further undisputed in the evidence that the plaintiff was himself without negligence. You will therefore turn your attention to the question of whether or not the plaintiff was actually injured in and by such collision, and, if so, to what degree. In this the burden of proof is upon the plaintiff, that is to say, the burden of proving by a preponderance of the evidence. But if you find by a preponderance of the evidence that the plaintiff suffered injury in such collision and by reason of the same as a proximate cause, and that the plaintiff was thereby damaged to some amount that you can determine from the evidence, then and in that case your verdict should be for the plaintiff. Otherwise it should be for the defendant.

"Defendant defends on the theory that the ills of which the plaintiff complains, if any, result from his infected teeth and from other causes not connected with the collision. If you are satisfied from the evidence that this theory is correct, and that plaintiff's condition was not caused, and proximately caused, by the impact of the two cars, then and in that case your verdict should be for the defendant."

It seems that the contention of defendant at the trial was that the injuries of which the plaintiff complained were not the result of the collision, but resulted from infected teeth. The issues were thus narrowed and specifically defined. It appears to us from a careful examination of the record that no question of law was involved

in this case, but simply questions of fact to be determined by the jury; and in our judgment the jury were fully warranted, from the evidence, in finding and returning a verdict for the plaintiff. We have searched the record in vain for evidence tending to show that the plaintiff was afflicted with infected teeth at any time prior to the collision and injury complained of in the petition. On the contrary, the evidence is undisputed that prior to that time he was an able-bodied man, had been a blacksmith, and just prior to his alleged injuries he was helper to a machinist in the shops at Havelock, and capable of and did earn $4.95 a day.

It is urged, however, that the verdict is excessive. At the time of plaintiff's injuries he was 25 years of age, and according to the mortality tables his prospect of life was 37.86 years. He was injured on the 21st day of July, 1919, and the trial in the district court closed on the 7th day of May, 1920. During this period of time the evidence discloses that the plaintiff constantly suffered pain, and was unable to perform any character of work, and earned nothing during that time. The medical testimony as to whether he will probably recover his health is not at all satisfactory or convincing, and the best that can be said of that testimony is that it discloses that he may probably some time in the future regain his health. At the trial in the district court the jurors had the opportunity to see the plaintiff and to observe his condition. This was more than nine months after the alleged injury. The jurors, of course, had a right to take into consideration his appearance at that time, and they were in a better position to judge of his condition than we are from the record. We find no sufficient reason for disturbing this verdict. An examination of the record fails to disclose or suggest that there was any misconduct on behalf of any person or the jury connected with this trial. No irregularity is complained of, and there is nothing in the record suggesting that the jury were influenced by passion or prejudice, or that the

sum awarded was based upon anything but the evidence. The judgment is

AFFIRMED.